UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLEY D. ANDREWS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>　　　　　　Defendants. | CASE NO. C15-5871 BHS<br><br>ORDER GRANTING DEFENDANT WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES' MOTION TO DISMISS |

This matter comes before the Court on Defendant Washington State Department of Social and Health Services' ("DSHS") unopposed motion to dismiss (Dkt. 13).

On April 14, 2016, DSHS filed the instant motion seeking to dismiss Plaintiff Shelley Andrews's ("Andrews") 42 U.S.C. § 1983 claims for damages against the State of Washington ("State"), DSHS, and Daniel Bauman ("Bauman") in his official capacity. *Id.* DSHS argues these defendants are not "persons" who may be sued under § 1983. *Id.* On May 2, 2016, Andrews filed a response stating she does not oppose the motion. Dkt. 16.

1  A plaintiff may only maintain an action under § 1983 if the defendant was a
2  "person" acting under color of state law.  *See* 42 U.S.C. § 1983.  States, state agencies,
3  and state officials sued in their official capacity for damages are not "persons" under
4  § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Maldonado v.*
5  *Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

6  Because the State, DSHS, and Bauman in his official capacity are not "persons"
7  who may be sued under § 1983, DSHS's motion to dismiss (Dkt. 13) is **GRANTED**.
8  Andrews's § 1983 claims against the State, DSHS, and Bauman in his official capacity
9  are **DISMISSED with prejudice**.

10  **IT IS SO ORDERED.**

11  Dated this 9th day of May, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge