UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLEY D. ANDREWS,

        Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and DAN BAUMANN,

        Defendants.

CASE NO. C15-5871BHS

ORDER DENYING DEFENDANT'S MOTION WITHOUT PREJUDICE AND REMANDING

This matter comes before the Court on Defendant Washington State Department of Social and Health Services' ("DSHS") motion for summary judgment (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On October 20, 2015, Plaintiff Shelley Andrews ("Andrews") filed a complaint against DSHS and Dan Baumann ("Baumann") in Mason County Superior Court for the State of Washington. Dkt. 3 at 5–7. Andrews asserts a cause of action for common law negligence and multiple violations of her civil rights under 42 U.S.C. § 1983. *Id*.

ORDER - 1

1  On December 1, 2015, DSHS removed the matter to this Court.  Dkt. 1.  In the

2 removal notice, DSHS listed Baumann's address in Olympia, Washington.  *Id*. at 4.

3  On May 9, 2016, the Court granted DSHS's motion to dismiss Andrews' 1983

4 claims.  Dkt. 18.

5  On November 22, 2016, DSHS filed a motion for summary judgment.  Dkt. 22.

6 DSHS sent notice to Baumann via email pursuant to a private "e-service agreement."  *Id*.

7 at 15.  On December 21, 2016, Andrews responded.  Dkt. 28.  On December 30, 2016,

8 DSHS replied.  Dkt. 29.

## II. DISCUSSION

"[W]here a district court has dismissed all claims over which it has original jurisdiction, it may *sua sponte* decline to exercise supplemental jurisdiction over remaining state law claims."  *See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015) (quotation omitted).  The relevant federal statute provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3*) the district court has dismissed all claims over which it has original jurisdiction*, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

"[E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is

implicated is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997). "If the federal claims are dismissed before trial, the state law claims 'should' be dismissed." *Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). *See also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

In this case, the Court *sua sponte* remands the remaining state law claim. Although trial is set for a little over a month from now, the Court finds that the remaining claim belongs in state court. Even though supplemental jurisdiction exists over non-diverse defendants, federal court should not be called upon to answer state law questions between non-diverse parties when the federal questions were dismissed early in the proceeding. In other words, the Court should have remanded the matter with or soon after ruling on DSHS's motion to dismiss the federal claims. Regarding the current motion, DSHS's motion has merit, but the Court is hesitant, when it is unnecessary, to pass upon the duties a state agency has to train its social workers. Andrews also touches upon a possible discovery dispute that could potentially delay the motion as well as trial in this matter. In light of all of these factors, the Court declines to exercise supplemental jurisdiction over Andrews' remaining claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that DSHS's motion for summary judgment is **DENIED without prejudice** (Dkt. 22), the Court declines to exercise supplemental

1 | jurisdiction, and the Clerk shall **REMAND** this matter to Mason County Superior Court
2 | and close this case.

3 |  Dated this 23rd day of January, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge